IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER LEE NEAL,**
    **Petitioner,**

**v.**        **Civil Action No. 1:06cv69**
        **(Judge Keeley)**

**JOYCE FRANCIS,**
    **Respondent.**

## REPORT AND RECOMMENDATION

On May 9, 2006, the *pro se* petitioner, Christopher Neal, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his conviction be reversed. On June 30, 2006, the petitioner filed a Motion to Appoint Counsel. By Order entered July 10, 2006, the Court directed the respondent to show cause why the writ should not be granted. On August 9, 2006, the respondent filed her response, and on August 16, 2006, the petitioner filed a traverse.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

### I. FACTUAL AND PROCEDURAL HISTORY

Following an eight day trial in the U.S. District Court for the Middle District of North Carolina, petitioner was convicted of conspiring to distribute cocaine base, distributing cocaine base, employing a minor to distribute cocaine base, and carrying and using firearms during a drug trafficking crime. On October 25, 1995, petitioner was sentenced to 300 months imprisonment, eight years supervised release, and $150 special assessment as to the drug related

charges. Petitioner was sentenced to 60 months imprisonment on the firearms charge, to run consecutively to his term of imprisonment on the drug related charges, plus three years supervised release, to run concurrently to the eight years imposed on the drug related charges, and a $50 special assessment.

Petitioner has filed numerous actions in the United States District Court for the Middle District of North Carolina and in the 4th Circuit Court of Appeals seeking relief from his conviction. The petitioner's first post-conviction proceeding was a Notice of Appeal filed on November 8, 1995. In his appeal, petitioner argued that (1) there was insufficient evidence to sustain his conviction of conspiring to distribute cocaine base; (2) there was insufficient evidence to sustain his conviction of carrying or using a firearm during a drug trafficking crime; (3) there was insufficient evidence to sustain his conviction of employing minors to distribute cocaine; (4) the District Court improperly allowed the lay testimony of Daryl Simpson, a known drug dealer; and (5) the District Court erred in calculating his base offense level. The Fourth Circuit Court of appeals rejected all of petitioner's arguments and affirmed his sentence. U.S. v. Cargill, 17 Fed.Apex. 214, 2001 WL 1019312 ( 4th Cir. 2001) (Unpublished). On January 24, 2002, petitioner filed a Petition for Writ of Certiorari, which the Supreme Court denied on February 25, 2002. Neal v. U.S., 534 U.S. 1171 (2002).

Thereafter, the petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 in the United States District Court for the Middle District of North Carolina where it was assigned civil docket # 1:03cv00129. The District Court dismissed the motion *sua sponte* without prejudice to the petitioner's right the file a motion on the correct forms. On February 18, 2003, petitioner filed another Motion pursuant to 28 U.S.C. §2255 which was assigned civil docket #1:03cv00129. The District Court again dismissed the Motion

*sua sponte* and without prejudice to the petitioner filing a motion on the correct forms. On March 19, 2003, petitioner filed his third Motion pursuant to 28 U.S.C. § 2255, which was assigned civil docket #1:03cv00252. The government filed its response on June 18, 2003, and the District Court denied the Motion on February 7, 2005. On August 25, 2004, petitioner filed a Motion for Writ of Error Coram Nobim, which the District construed as a Motion pursuant to 28 U.S.C. § 2255 and assigned it civil docket #1:04cv00767. On September 28, 2004, the Court denied the Motion and further denied a certificate of appealability. On October 11, 2005, petitioner filed a Motion for Relief from Judgment, which the District Court construed as a § 2255 motion and filed under docket # 1:05cv01163. On March 30, 2006, the District Court dismissed the Motion for failure to obtain certification from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. On October 19, 2005, petitioner filed a Motion Requesting Relief Under 18 U.S.C. § 3582(c)(2), which the District Court construed as a § 2255 motion and filed under civil action #1:05cv01162. On March 30, 2006, the District Court dismissed the Motion for failure to obtain certification from the Fourth Circuit of Appeals to file a second or successive § 2255 motion.[1] On March 14, 2006, the petitioner filed a Motion For Sentence Reduction pursuant to Amendment 591 in light of Title 18, United States Code, Section 3582(c)(2). The government filed its response on July 7, 2006, and petitioner filed his reply on July 19, 2006. As of this date, the motion is still pending. On May 15, 2006, petitioner filed a Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, which was assigned civil docket #1:06cv00445. On June 27, 2006, the District Court dismissed the Motion

---

[1]On January 13, 2006, petitioner filed a Motion for Authorization to File Successive Applications in the Fourth Circuit Court of Appeals, which the Court denied on February 9, 2006.

without Prejudice following the reasoning expressed by the Magistrate Judge in his Recommendation that the Motion raised the same issues as those pending in civil action #1:06cv00445.

On May 9, 2006, petitioner filed his pending motion under 28 U.S.C. § 2241.[2] In this motion, petitioner makes the following arguments:

(1) The District Court erroneously instructed the jury on the "use" prong of Section 924(C)(1);

(2) Violation of the double jeopardy clause;

(3) Constructive amendment of the indictment through the instructions; and

(4) Ineffective assistance of counsel.

The respondent contends that the petitioner is not entitled to any relief under § 2241.

## II. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a

---

[2]A §2241 petition must be filed in the district wherein the petitioner is in custody. Therefore, although the petitioner was convicted in the Middle District of North Carolina, he is currently incarcerated at FCI Gilmer, which is located in the Northern District of West Virginia.

4

conviction or the imposition of a sentence, the petitioner in entitled to file a §2241 petition if he can demonstrate that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Jones, supra at 333-34.

As the record from the Middle District of North Carolina reflects, the petitioner was convicted of conspiring to distribute cocaine base, distributing cocaine base, employing a minor to distribute cocaine, and carrying and using firearms during a drug trafficking crime. These acts continue to be crimes as established by Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846, 861(a)(1), 861(b), and Title 18 U.S.C. §§ 934(c)(1)(A). Therefore, the petitioner does not meet the Jones requirements and has not established a right to proceed in this Court under the provisions found at 28 U.S.C. §2241.

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

### III. MOTION TO APPOINT COUNSEL

The authority for the Court to appoint counsel in §2241 and §2254 actions is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). A Court may appoint counsel to a financially eligible person if justice so requires. 18 U.S.C. §3006(A). Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006(A), is only required when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

Upon review of the file, I have concluded that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, petitioner's motion for appointment of counsel (Doc. 4) is hereby DENIED.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: September 18, 2006

                                            /s/ James E. Seibert
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE